**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

| | | |
|---|---|---|
| CHRISTOPHER AYALA and BENJAMIN | : | |
| LAMKIN, Individually and on Behalf of | : | Case No. |
| all others similarly situated, as Collective | : | |
| and Class representatives, | : | |
| | : | **COLLECTIVE AND CLASS** |
| Plaintiffs, | : | **ACTION COMPLAINT AND** |
| | : | **JURY DEMAND** |
| v. | : | |
| | : | |
| GOVERNMENT EMPLOYEES | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------X

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Christopher Ayala and Benjamin Lamkin, individually and on behalf of all others similarly situated, by their attorneys Shavitz Law Group, P.A., allege as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who work or worked as a Adjuster-In-Training or in comparable roles with different titles ("AITs") for Defendant Government Employees Insurance Company ("Defendant" or "GEICO") anywhere in the United States.

2.     GEICO is an insurance company which provides various insurance products to its customers.

3.     GEICO employs Adjusters who handle insurance claims.

4.     GEICO has different types of Adjusters (i.e., Telephone Claims Representatives, Telephone Adjusters, Auto Adjusters, etc.).   Upon information and belief, all Adjusters must successfully complete GEICO's required three to six-month training program prior to becoming

an Adjuster.

5.      During this training period, GEICO classifies AITs as non-exempt and overtime pay eligible but GEICO does not pay them for all overtime hours worked during their workweeks.

6.      By the conduct described herein, Defendant has violated the New York Labor Law, Art. 6 § 190 *et seq.*, Art. 5 § 162, and Art. 19, § 650 *et seq.* ("New York Act "), Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "Illinois Act") by failing to pay AITs, including Plaintiffs Ayala and Lamkin, the overtime wages they have earned and to which they are entitled by law.

7.      Plaintiff Ayala brings this action on behalf of himself and similarly situated current and former AITs who worked in New York for Defendant pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Act.

8.      Plaintiff Lamkin brings this action on behalf of himself and similarly situated current and former AITs who worked for Defendant nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

9.      Plaintiff Lamkin also brings this action on behalf of himself and similarly situated current and former AITs who worked in Illinois for Defendant pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Illinois Act.

## THE PARTIES

### *Plaintiff Christopher Ayala*

10.     Plaintiff Christopher Ayala is an adult individual who is a resident of Yonkers, New York.

11.     Ayala was employed by Defendant in New York (throughout Westchester County) from approximately May 2013 to November 2013 as an AIT.

12.     Pursuant to Defendant's policy, pattern, and/or practice, Ayala was not paid for about 12 overtime hours he worked each week as an AIT while studying and training to complete the requirements of GEICO's training program and to successfully pass the program to become a GEICO Adjuster.

13.     At all times relevant hereto, Ayala was a covered employee within the meaning of the New York Act.

### *Plaintiff Benjamin Lamkin*

14.     Plaintiff Benjamin Lamkin is an adult individual who is a resident of Mount Juliet, Tennessee.

15.     Lamkin was employed by Defendant in Chicago, Illinois from approximately March 2015 to July 2015 as an AIT.

16.     Pursuant to Defendant's policy, pattern, and/or practice, Lamkin was not paid for about 12 overtime hours he worked each week as an AIT while studying and training to complete the requirements of GEICO's training program and to successfully pass the program to become a GEICO Adjuster.

17.     At all times relevant hereto, Lamkin was a covered employee within the meaning of the Fair Labor Standards Act and the Illinois Act.

- 3 -

18.     A written consent form for Lamkin is attached as Exhibit A.

### *Defendant*

19.     GEICO is a Maryland corporation with a principal place of business in Chevy Chase, Maryland.

20.     At all relevant times, Defendant was and is an "employer" within the meaning of the New York Act, FLSA, and Illinois Act.

21.     Throughout the relevant period, Defendant employed Plaintiffs and other AITs within the meaning of the New York Act, FLSA, and Illinois Act.  Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

22.     At all times relevant, Defendant maintained control, oversight, and direction over Plaintiffs and other AITs, including timekeeping, payroll, and other employment practices that applied to them.

23.     Defendant applies the same employment policies, practices, and procedures to all AITs.

24.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

26.     This Court also has jurisdiction over Plaintiff Lamkin's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this District.

## COMMON FACTUAL ALLEGATIONS

28.     Throughout their employment with Defendant, Plaintiffs and other AITs regularly worked in excess of 40 hours per week, such as those specific overtime hours identified above.

29.     Defendant was aware that Plaintiffs and other AITs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for all overtime hours worked.

30.     AITs performed their required training duties (i.e., studying and training to complete the requirements of GEICO's training program and to successfully pass the program to become a GEICO Adjuster) "off-the-clock."

31.     GEICO required that AITs pass the training program to become an Adjuster but did not provide Plaintiffs and AITs sufficient time to complete their training duties while "on-the-clock." Thus, Plaintiffs and AITs worked on and studied their training materials pre-shift and post-shift, while not clocked-in while at home.

32.     GEICO did not have a process or procedure for recording time worked outside of the office and failed to track the hours worked in training by Plaintiffs and AITs outside of the GEICO office.

33.     All of the work that Plaintiffs and other AITs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and other AITs performed.

34.     Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the New York Act, FLSA, and Illinois Act.

35. Defendant was aware, or should have been aware, that the New York Act, FLSA, and Illinois Act required it to pay Plaintiffs and other AITs overtime compensation for hours worked in excess of 40 per week.

36. Defendant's failure to pay Plaintiffs and other AITs overtime was willful. Defendant recklessly disregarded its obligation to ensure that it paid for all work performed and did not take action to make sure to Plaintiffs and AITs were paid for all hours worked. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## NEW YORK CLASS ACTION ALLEGATIONS

37. Plaintiff Ayala brings the First and Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as AITs in the State of New York (the "New York Class") at any point on or after November 29, 2011 to the date of judgment in this action (the "New York Class Period").

38. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

39. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff Ayala, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

40. Upon information and belief, the size of the New York Class is at least 100

workers.

41.     Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

42.     The First and Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.      whether Defendant failed to keep true and accurate time records for all hours worked by Ayala and the New York Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.      whether Defendant failed and/or refused to pay Ayala and the New York Class for all hours worked in violation of the New York Act;

d.      the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

e.      whether Defendant have had a policy of failing to pay workers for time that they work;

f.      whether Defendant failed to compensate Ayala and the New York Class for all work Defendant required and/or suffered or permitted them to perform;

g.      whether Defendant failed to maintain and provide accurate wage statements; and

h.      whether Defendant correctly calculated and compensated Ayala and the New York Class for hours worked in excess of 40 per workweek.

43.     Ayala's claims are typical of the claims of the New York Class sought to be represented.  Ayala and the other New York Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for all hours worked in excess of 40 hours per workweek, and failing to maintain and provide

accurate wage statements. Defendant acted and refused to act on grounds generally applicable to the New York Class, thereby making injunctive and/or declaratory relief with respect to the New York Class appropriate.

44.     Ayala will fairly and adequately represent and protect the interests of the New York Class. Ayala understands that, as a class representative, one assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Ayala recognizes that as a class representative, one must represent and consider the interests of the New York Class just as one would represent and consider one's own interests. Ayala understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New York Class. Ayala recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Ayala understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

45.     Ayala has retained the Shavitz Law Group, P.A., each of which are competent and experienced in complex class action employment litigation.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual

members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

47.     This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3).

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

48.     Plaintiff Lamkin brings the Third Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as AITs at any GEICO location in the United States, on or after November 29, 2014, who elect to opt-in to this action (the "FLSA Collective").

49.     All of the work that Plaintiff Lamkin and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

50.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      a.      willfully failing to pay Plaintiff Lamkin and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek; and

      b.      willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

51.     Defendant is aware or should have been aware that federal law required it to pay non-exempt employees, including Plaintiff and the members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

52.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## ILLINOIS CLASS ACTION ALLEGATIONS

53.     Plaintiff Lamkin brings the Fourth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as AITs in the State of Illinois (the "Illinois Class") at any point on or after November 29, 2014 to the date of judgment in this action (the "Illinois Class Period").

54.     Excluded from the Illinois Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

55.     The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is not known to Plaintiff Lamkin, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

56.     Upon information and belief, the size of the Illinois Class is at least 100 workers.

57.     Defendant acted or refused to act on grounds generally applicable to the Illinois Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Illinois Class as a whole.

58.     The Fourth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).   There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

a.      whether Defendant failed to keep true and accurate time records for all hours worked by Lamkin and the Illinois Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.      whether Defendant failed and/or refused to pay Lamkin and the Illinois Class for all hours worked in violation of the Illinois Act;

d.      the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class;

e.      whether Defendant has had a policy of failing to pay workers for time that they work;

f.      whether Defendant failed to compensate Lamkin and the Illinois Class for all work Defendant required and/or suffered or permitted them to perform; and

g.      whether Defendant correctly calculated and compensated Lamkin and the Illinois Class for hours worked in excess of 40 per workweek.

59.     Lamkin's claims are typical of the claims of the Illinois Class sought to be represented.  Lamkin and the other Illinois Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for all hours worked in excess of 40 hours per workweek.  Defendant acted and refused to act on grounds generally applicable to the Illinois Class, thereby making injunctive and/or declaratory relief with respect to the Illinois Class appropriate.

60.     Lamkin will fairly and adequately represent and protect the interests of the Illinois Class.  Lamkin understands that, as a class representative, one assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately.  Lamkin recognizes that as a class representative, one must represent and consider the interests of the Illinois Class just as one would represent and consider one's own interests.  Lamkin understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Illinois Class.  Lamkin recognizes that any resolution of a class action

lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class. Lamkin understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

61. Lamkin has retained the Shavitz Law Group, P.A., who are counsel competent and experienced in complex class action employment litigation.

62. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

63. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### New York Act – Overtime Wages
### (On behalf of Plaintiff Ayala and the New York Class)

64. Plaintiff Ayala realleges and incorporates by reference all allegations in all preceding paragraphs.

65.    At all times relevant, Plaintiff Ayala and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the New York Act. Ayala and the members of the New York Class are covered by the New York Act.

66.    Defendant employed Ayala and the members of the New York Class as an employer in New York.

67.    Defendant failed to pay Ayala and the members of the New York Class overtime wages for all overtime hours worked to which they are entitled under the New York Act. Defendant failed to pay Ayala and the members of the New York Class for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

68.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Ayala and the New York Class members.

69.    Due to Defendant's intentional and willful violations of the New York Act, Ayala and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

## SECOND CAUSE OF ACTION
### New York Act Notice and Recordkeeping Claims
### (On behalf of Plaintiff Ayala and the New York Class)

70.    Plaintiff Ayala realleges and incorporates by reference all allegations in all preceding paragraphs.

71.    NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

72.     NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

73.     12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

74.     NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

75.     12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

76.     Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3), resulting in penalties under NYLL § 198 for Plaintiff Ayala and the New York Class.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff Lamkin and the FLSA Collective)**

77.     Plaintiff Lamkin realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

79.    Plaintiff Lamkin has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

80.    At all relevant times, Plaintiff Lamkin and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

82.    Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83.    At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

84.    Defendant failed to pay Plaintiff Lamkin and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

85.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Lamkin and the FLSA Collective.

86.    Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.    Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff Lamkin and other similarly situated current and former employees.

87.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

88.     As a result of Defendant's willful violations of the FLSA, Plaintiff Lamkin and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

89.     As a result of the unlawful acts of Defendant, Plaintiff Lamkin and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
### Illinois Minimum Wage Laws
### (On behalf of Plaintiff Lamkin and the Illinois Class)

90.     Plaintiff Lamkin realleges and incorporates by reference all allegations in all preceding paragraphs.

91.     At all times relevant, Plaintiff Lamkin and the members of the Illinois Class have been employees and Defendant has been an employer within the meaning of the Illinois Act. Lamkin and the members of the Illinois Class are covered by the Illinois Act.

92.     Defendant employed Lamkin and the members of the Illinois Class as an employer in Illinois.

93.     Defendant failed to pay Lamkin and the members of the Illinois Class overtime wages for all overtime hours worked to which they are entitled under the Illinois Act. Defendant failed to pay Lamkin and the members of the Illinois Class all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

94.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of all time worked by Lamkin and the Illinois Class members.

95. Due to Defendant's intentional and willful violations of the Illinois Act, Lamkin and the members of the Illinois Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment interest, 2% interest per month interest in accordance with the Illinois Act, and such other relief as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

E. A reasonable incentive award for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other AITs, and the risks they have undertaken.

F. Certification of the Illinois Act claims in this action as a class action;

G. Certification of the New York claims in this action as a class action;

H. Designation of Ayala and Lamkin as the New York and Illinois Class

Representatives, respectively;

      I.      An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant according to Illinois and New York law according to proof;

      J.      Pre-judgment and post-judgment interest as provided by Illinois and New York law, including interest on all unpaid wages at the statutory rate of 2% per month in accordance with Illinois law;

      K.      Attorneys' fees and costs of the action; and

      L.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
       November 29, 2017

                    Respectfully submitted,

                    _____

                    Michael J. Palitz
                    SHAVITZ LAW GROUP, P.A.
                    830 3rd Avenue, 5th Floor
                    New York, New York 10022
                    Tel:    (800) 616-4000
                    Fax:   (561) 447-8831
                    mpalitz@shavitzlaw.com

                    Gregg I. Shavitz*
                    SHAVITZ LAW GROUP, P.A.
                    1515 South Federal Highway, Suite 404
                    Boca Raton, Florida 33432
                    Tel:    (561) 447-8888
                    Fax:   (561) 447-8831
                    gshavitz@shavitzlaw.com

*to apply for admission *pro hac vice*      ***Attorneys for Plaintiffs and the Putative FLSA Collective and Illinois and New York Classes***

# EXHIBIT A

DocuSign Envelope ID: A100A708-9223-4747-A4E6-0BD382426902

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Geico, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

568FCA69E7D640A...

Benjamin Lamkin
_____
Print Name