UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER AYALA, *et al.*,

                              Plaintiffs,         **ORDER**

-against-                                     18 Civ. 3583 (JCM)

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

                              Defendant.
-----------------------------------------------------------------X

        On October 18, 2019, Plaintiffs submitted an unopposed motion to approve a settlement agreement reached in the above-captioned case. (Docket Nos. 205-208). In the parties' settlement agreement, (Docket No. 207-1), specifically paragraph 14, Plaintiff agreed to "file a motion for approval of settlement and attorneys' fees and costs and [a] stipulation for dismissal *without prejudice* of CA and NY Rule 23 class claims asserted" on October 18, 2019. (Docket No. 207-1 at 4) (emphasis added). Plaintiffs' October 18, 2019 filings do not contain any such stipulation dismissing the CA and NY Rule 23 class claims without prejudice. (Docket Nos. 205-208). Moreover, the general release and memorandum of law provide that the individual plaintiffs will release both the federal and state law claims upon executing the settlement agreement. (Docket Nos. 206 at and 207-3 at 3-4). Specifically, the proposed release sets forth that "in exchange for [the plaintiff's] settlement payment [they] knowingly and voluntarily release all known and unknown claims for overtime compensation…under federal and state wage and hour law," (Docket No. 207-3 at 4), and the memorandum of law provides that the release will dismiss Rule 23 claims under New York and California law, (Docket No. 206 at 10). These assertions in the general release and memorandum of law conflict with the statement in the

parties' settlement agreement that the California and New York state law claims will be withdrawn without prejudice.

Thus, prior to ruling on the proposed settlement, the Court needs clarification on this inconsistency. Accordingly, by January 7, 2020, the parties are directed to submit an affidavit or letter explaining this inconsistency and, if necessary, any proposed alterations in the settlement documents.

Dated:  December 30, 2019
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge
