UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER AYALA, BENJAMIN LAMKIN,
AND NHAN NGUYEN, individually and on behalf
of all others similarly situated, as Collective and
Class representatives,

                                    Plaintiffs,         **ORDER**

         -against-                             18 Civ. 3583 (JCM)

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

                                    Defendant.
----------------------------------------------------------------X

       Plaintiffs Christopher Ayala, Benjamin Lamkin, and Nhan Nguyen ("Named Plaintiffs"), on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), seek approval of a settlement agreement resolving collective claims for overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for all Plaintiffs, and individual state law claims under the New York Labor Law and California Labor Code for those Plaintiffs who attended Defendant's Auto Damage training program as Auto Damage trainees in New York and California.[1] (Docket Nos. 205, 206, 207, 208, 213). The parties' proposed Settlement Agreement resolves the claims of 398 Plaintiffs who joined this action in exchange for payment by Defendant Government Employees Insurance Company ("GEICO") of up to $1,000,000.00. (Docket No. 207-1). Defendant does not oppose this motion. (Docket No. 205).

       "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the

---

[1] Counsel for the parties have consented to jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c). (Docket No. 209).

parties to avoid anticipated burdens and expenses establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.*

On August 27, 2019, I presided over the settlement conference that eventually resulted in the instant Settlement Agreement. Based on my familiarity with the case, as well as my review of the Settlement Agreement and the papers submitted in support of the Settlement Agreement, (Docket Nos. 205, 206, 207, 208, 213, 215-1[2]), as well as documentation supporting the reasonableness of the attorneys' fees and costs and the terms of the parties' proposed Settlement Agreement, I find that the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Settlement Agreement, including the approval of Plaintiff's counsel's fees of one-third of the total settlement amount, as well as $37,876.33 in costs, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Furthermore, the Court approves service awards to the three Named Plaintiffs in the amount of $2,000 each. *See Reyes v. Altamarea Grp., LLC*, No. 10-CV-6451 (RLE), 2011 WL 4599822, at

---

[2] On December 30, 2019, the Court ordered the parties to clarify an inconsistency in the Settlement Agreement, namely, the parties' failure to file a stipulation dismissing, without prejudice, the California and New York Rule 23 class claims. (Docket No. 214). On January 6, 2020, the parties confirmed that they "inadvertently did not submit" such a stipulation, and attached a copy of the proposed stipulation to their letter. (Docket Nos. 215 and 215-1). Accordingly, in reviewing this settlement, the Court also considered the proposed stipulation dismissing the California and New York Rule 23 class claims without prejudice.

\*9 (S.D.N.Y. Aug. 16, 2011). Accordingly, the Court approves the settlement and dismisses this action with prejudice.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 205) and close the case.

Dated: January 8, 2020
       White Plains, New York

                                  **SO ORDERED:**

                                  _____
                                  JUDITH C. McCARTHY
                                  United States Magistrate Judge